IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-315E |
| | ) | |
| v. | ) | |
| | ) | |
| Dorothy M. Kephart, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

CYNTHIA REED EDDY, United States Magistrate Judge.

**I.  RECOMMENDATION**

On March 23, 2015, United States of America ("Plaintiff") filed a Motion for Default Judgment [ECF No. 7] against Dorothy M. Kephart ("Defendant"). After careful review of the Complaint [ECF No. 1], the Request for Entry of Default [ECF No. 6], and the Motion for Default Judgment [ECF No. 7], together with the exhibits attached thereto, it is respectfully recommended that Plaintiff's Motion for Default Judgment be granted and the Order set forth at [ECF No. 7-1] regarding damages be entered against Defendant.

**II.  REPORT**

**A. Procedural and Factual Background**

This action was brought on behalf of the United States of America acting through the Rural Housing Service to foreclose on a Note and Mortgage upon real property situated in Crawford County in the Commonwealth of Pennsylvania and commonly known as 301 Cussewago Street, Conneautville, Pennsylvania. [ECF No. 1, with exhibits A-C]. The Complaint was filed on December 22, 2014, and alleges that Plaintiff made a loan to Defendant,

and her deceased spouse Harry M. Kephart, in the sum of $93,000, payable in monthly installments as evidenced by a Promissory Note dated January 30, 2003. Id. The Note was secured by a mortgage in the sum of $93,000 ("Mortgage") on the aforesaid property, which was duly recorded on January 30, 2003, in the Recorder of Deeds Office of Crawford County at Record Book 625, page 873. [ECF No. 1, Exhibit B]. During the course of the loan, the Defendant's monthly mortgage payments were subsidized by the Plaintiff. Pursuant to 42 U.S.C. §1490(a) and the Real Estate Mortgage, any subsidy received by the Defendant on loans received after January 30, 2003, is subject to recapture upon disposition of the property. The plaintiff is the owner and holder of the Promissory Note and Real Estate Mortgage.

According to the Complaint, Harry M. Kephart died on or about September 10, 2010, leaving Dorothy M. Kephart as the sole surviving owner of the mortgaged premises by operation of law. Defendant is in default under the Note and Mortgage as a result of her failure to make payments when due. As a result of the failure to make payment, Plaintiff accelerated the balance due and Defendant is now in default for failing to pay Plaintiff the accelerated balance. By letter dated April 8, 2014, Plaintiff sent Defendant a Notice of Intention to Foreclose by certified mail to her last known address and to the address of the property. [ECF No. 1, Exhibit C]

The accelerated balance presently due to Plaintiff on the Note is as follows:

| | |
|---|---|
| **Principal and advances** | $ 80,514.63 |
| **Interest to 07/21/14** | $ 10,376.42 |
| **Interest Subject to Recapture** | $ 29,579.20 |
| **Penalty Charges** | $ 4,159.10 |
| **Attorney fees** | $ 1,500.00 |

The total amount due and owing is $126,129.43, together with interest at the rate of 6% per annum to the date of judgment, plus interest from the date of judgment at the legal rate, reasonable attorneys' fees and collection costs.

On December 22, 2014 a copy of the Complaint and a Notice of Lawsuit and

Request for Waiver of Service of Summons was mailed to Defendant. Defendant returned an executed Waiver of Service of Summons to Plaintiff's counsel on February 15, 2015. [ECF Nos. 2 and 4]. On March 23, 2015, in light of Plaintiff's failure to answer or assert a defense, Plaintiff filed a Request for Entry of Default as provided by Rule 55(a) of the Federal Rules of Civil Procedure. [ECF No. 6]. Attached to the Request was a declaration under penalty of perjury by Plaintiff's counsel, Attorney Shawn P. McClure, attesting to the aforesaid service by certified mail of Complaint and Notice of Lawsuit and that Defendant returned an executed Waiver of Service of Summons. [ECF No.6-1].

On March 24, 2015, the Clerk of Court entered the Default. [ECF No. 8]. Plaintiff filed a Motion for Default Judgment, pursuant to Rule 55(b)(2) requesting a sum certain total of $126,129.43, including principal, interest to date, interest credit subject to recapture, penalty charges and attorney fees, together with post judgment interest and reasonable attorneys' fees and collection costs. Plaintiff seeks to sell the subject property to satisfy the judgment. Plaintiff also requests that a judgment *in personam* be entered against Defendant as to any deficiency remaining after a deduction of monies received from the sale of the subject properties. [ECF No. 7].

### B. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered by the Clerk of Court. Entry of default judgment is a matter within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). In determining whether to grant a default judgment, courts examine three factors: 1) prejudice to the plaintiff if default is denied; 2) whether the defendant appears to have a litigable defense; and 3) whether the defendant's delay is due to culpable

conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). *See also* Stout Street Funding LLC v. Johnson, 2014 WL 5591043 *2 (E.D.Pa. Nov. 4, 2014).

**C. Analysis**

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendant. It has shown that (1) the Complaint was served by mail and executed Waiver of Service of Summons; (2) Defendant has not appeared; (3) default was entered against the Defendant by the clerk of court; (4) Defendant is not an infant, incompetent, or in the military service of the United States of America. In addition, Plaintiff has also shown with specificity how it calculated the amount of the judgment.

The court has considered the Chamberlain factors and finds that the prejudice to the Plaintiff resulting from the Defendant's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the court granting default judgment. Further the Defendant's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See* World Entertainment Inc. v. Brown, 487 Fed.Appx. 758, 762 (3d Cir. 2012). Consequently, default judgment is appropriate.

A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 3d,* § 2688 at 58-59 (1998); *see also* Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885). If the damages are not for a sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper. Fed.R.Civ.P. 55(b)(2);

*see also* Comdyne I, Inc., 908 F.2d at 1149. The Court may proceed by live testimony, affidavit or other appropriate evidence. International Longshoreman's Ass'n AFL–CIO v. Spear, Wilderman, Borish, Endy, Spear & Runckel, 995 F.Supp 564, 573 (E.D.Pa. 1998); *see also* Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994).

Here, Plaintiff has provided, by a preponderance of the evidence, including all relevant documents, declarations, proofs of service and verification of all relevant documents, an adequate basis to substantiate the requested damages. The Defendant has not submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary.

Accordingly, based upon the undisputed facts and the evidence presented through the pleadings, it is respectfully recommended that the Order proposed by Defendant at [ECF No. 7, Attachment 2], be entered:

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    s/Cynthia R. Eddy
    CYNTHIA R. EDDY
    United States Magistrate Judge

cc: Plaintiff's counsel via CM-ECF

    DOROTHY M. KEPHART
    9378 Concord Road
    Union City, PA  16438